**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**WAYNE LEROY PEMBERTON, JR.**                    **PLAINTIFF**
**#188828**

**V.**                    **NO. 3:26-cv-71-DPM-ERE**

**KEVIN MOLDER,** *et al.*                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Wayne Leroy Pemberton, Jr., an inmate at the Poinsett County Detention Center ("Detention Center"), has filed this 42 U.S.C. § 1983 case. *Doc. 2*. This Order identifies deficiencies (or problems) in his original complaint and postpones the mandated screening process to give him the opportunity to file an amended complaint.

### I.    Pleading Deficiencies

Mr. Pemberton's complaint alleges that, although he notified Captain Tabitha Simons, Administrator Gunner Wilson, and Major BJ Carter about another Deputy threatening him with a knife, these Defendants failed to take any action. He sues Sheriff Kevin Molder, Captain Simons, Administrator Wilson, and Major Carter in both their individual and official capacities seeking monetary and injunctive relief. Although Mr. Pemberton has arguably stated deliberate indifference claims against Defendants Simons, Wilson, and Carter, he fails to explain how Defendant Molder violated his constitutional rights. I will now postpone the screening process to give

Mr. Pemberton the opportunity to file an amended complaint clarifying his constitutional claims.[1] If Mr. Pemberton fails to file an amended complaint, the Court will screen his original complaint, which will likely result in the dismissal of some of Mr. Pemberton's claims.

### A.     Personal Involvement

Mr. Pemberton's complaint fails to allege facts to show how Defendant Sheriff Molder personally participated in any unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Pemberton's complaint fails to state a plausible constitutional claim against Defendant Molder.

To the extent that Mr. Pemberton seeks to hold Defendant Molder liable for the actions of his subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under §

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept as true the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

### B.   Official Capacity Claims

Under the law, Mr. Pemberton's official-capacity claims are treated as claims against Poinsett County. *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id. at 800-01* (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)). Poinsett County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington*, 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Pemberton's complaint contains no allegations suggesting that a Poinsett County policy, practice, or custom caused his injury. As a result, the current complaint fails to allege facts to support a plausible official-capacity claim.

3

### III.   <u>Guidelines for Filing Amended Complaint</u>

Mr. Pemberton has thirty days to file an amended complaint. If Mr. Pemberton files an amended complaint, he should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant personally violated his constitutional rights; and (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Pemberton's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Pemberton should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Pemberton should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Pemberton's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Pemberton need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence upon which he may later rely to prove his claims.

## IV.    **Conclusion**

IT IS THEREFORE ORDERED THAT:

1.    Mr. Pemberton may file an amended complaint within thirty (30) days of the entry of this Order.

2.    If Mr. Pemberton fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some of Mr. Pemberton's claims.

3.    The Clerk is instructed to provide Mr. Pemberton a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

DATED 4 March 2026.

_____
UNITED STATES MAGISTRATE JUDGE