**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**WAYNE LEROY PEMBERTON, JR. PLAINTIFF**
**#188828**

**V. NO. 3:26-cv-71-DPM-ERE**

**KEVIN MOLDER, *et al.* DEFENDANTS**

# ORDER

*Pro se* plaintiff Wayne Leory Pemberton Jr. has filed a motion requesting: (1) assistance with the flash drive provided by defense counsel; and (2) appointment of counsel. *Doc. 38*. The Court will address each request separately.

## 1. Assistance with Evidence

In his motion, Mr. Pemberton explains that he is having difficulty viewing the video footage contained on the flash drive provided because it is split into 25 separate files that are not in chronological order and that he believes that several seconds are missing from the video footage. Mr. Pemberton states that Arkansas Division of Correction officials have attempted to assist him, but that he continues to have difficulty.

Counsel for Defendants is instructed to respond to Mr. Pemberton's motion and provide a brief written explanation of the contents of the flash drive. After I have reviewed Defendants' response, I will determine whether any further action is necessary.

**2. Motion for Appointment of Counsel**

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*.; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. This case is neither factually nor legally complex. And Mr. Pemberton has demonstrated that he can present and pursue his case. It is understandable that Mr. Pemberton would prefer to be assisted by court-appointed counsel, but his desire for counsel alone is not the only factor the Court must consider. After considering all relevant factors, the Court declines to appoint counsel at this point in the case.[1]

[1] As the case proceeds, the Court will reconsider, on its own, whether counsel should be appointed to assist Mr. Pemberton. And if the case is scheduled for trial, the Court will likely appoint counsel to assist Mr. Pemberton.

IT IS THEREFORE ORDERED THAT:

1. Mr. Pemberton's motion for the appointment of counsel (*Doc. 38*) is DENIED, without prejudice.

2. Defendants are instructed to respond to Mr. Pemberton's request regarding assistance with the evidence provided within fourteen days.

SO ORDERED 31 August 2026.

UNITED STATES MAGISTRATE JUDGE